Sullivan, ⎰
Dec. 6, 1904. ⎱

ROBERTS v. CLAREMONT RAILWAY & LIGHTING CO.

An electric company which diverts water under an exercise of the power of eminent domain, but has neither paid nor tendered the damages caused thereby, may be restrained at the suit of the riparian owner, unless the latter has waived his right to a prepayment of damages.

The question whether an order enjoining the diversion of water should be stayed during the pendency of a hearing for the assessment of damages caused thereby, is one to be determined in the superior court.

BILL IN EQUITY, for an injunction to restrain the defendants from diverting water from Sugar river. Transferred from the May term, 1904, of the superior court by *Wallace*, C. J.

The plaintiff owns a tract of land situated upon the southerly side of the river and also an unutilized water-power furnished by the river adjacent to his land. The defendant corporation sought to appropriate the plaintiff's land and water-power, under the exercise of the power of eminent domain, for the purpose of producing electric power. After filing its location for taking the land, it constructed a canal leading to its power-house located on the opposite side of the river, by means of which it has diverted substantially all the water of the stream opposite the plaintiff's land. It has also petitioned the joint board of railroad commissioners and the selectmen of Claremont for an assessment of the plaintiff's damages. The hearing upon this petition has not been completed. The court granted the injunction prayed for, and the defendants excepted. If the exception is overruled, a question as to the measure and amount of the plaintiff's damages remains.

*Hermon Holt* and *Streeter & Hollis*, for the plaintiff.

*Frank H. Brown* and *John M. Mitchell*, for the defendants.

WALKER, J. Whether by appropriate proceedings under the power of eminent domain the defendant may acquire the plaintiff's riparian water rights, is a question which is not properly raised and which it is unnecessary and inexpedient to determine under the present state of facts. If it is competent for the defendant by legal process to dispossess the plaintiff of his property, it has not done so. It has not paid or tendered to him the damages for such proposed dispossession—an essential prerequisite, in such cases, to the compulsory acquisition of private property for public or *quasi*-public purposes. *Littleton* v. *Company, ante, p.* 11 ; *Strick-*

*ford* v. *Railroad, ante, p.* 81; *Ash* v. *Cummings,* 50 N. H. 591. Nor does the case disclose facts showing that the plaintiff has waived his right to insist upon such prepayment.   He is, therefore, entitled to protection in the enjoyment of his riparian rights (P. S., *c.* 205, *s.* 3) which the defendant has illegally invaded. Upon the issue thus presented by the case, the question whether the joint board of railroad commissioners and the selectmen have jurisdiction to determine the plaintiff's damages in condemnation proceedings is immaterial and is not considered.

The plaintiff is entitled to recover in this proceeding compensatory damages.   The beneficial uses for which the water-power was adapted, in view of its extent, location, and availability, might be evidence of great or little weight upon that question.   But in advance of the trial, and in the absence of many evidentiary facts affecting its value, it would manifestly be injudicious to decide explicitly the question of law relating to the damages, suggested by the case.

Whether the injunction should be stayed during the pendency of the hearing before the joint board, is a question to be determined by the superior court, in view of all the circumstances.

*Case discharged.*

All concurred.